IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-03809

KENITH DELESLINE,

    Plaintiff,

    v.

SONNY PERDUE, Secretary,
U.S. Department of Agriculture,
Forest Service,

    Defendant.
_____

**VERIFIED COMPLAINT AND JURY DEMAND**
_____

Plaintiff Kenith DeLesline, by and through his undersigned counsel, Marisa Williams of Williams & Rhodes LLP, alleges:

**JURISDICTION**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"); the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791 *et seq.* ("Rehabilitation Act"); the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq*. ("ADA"); and the Equal Access to Justice Act, 28 U.S.C. § 2412, *et. seq.* ("EAJA").

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Colorado.

**JURISDICTIONAL PREREQUISITES**

3. At all times relevant hereto, Plaintiff Kenith DeLesline ("Plaintiff") was a federal

civilian employee of the United States Department of Agriculture, Forest Service Job Corps (hereinafter "Job Corps" or "the Agency").

4.  On August 23, 2013, Plaintiff filed an informal administrative Equal Employment Opportunity ("EEO") complaint against the Job Corps alleging disability discrimination under the Rehabilitation Act/ADA, race discrimination under Title VII, and retaliation.

5.  On November 5, 2013, the Agency notified Plaintiff that it had completed processing of his informal EEO complaint and that he had the right to file a formal EEO complaint against the Agency.

6.  On November 17, 2013, Plaintiff timely filed his formal EEO complaint against Job Corps alleging disability and race discrimination and retaliation in violation of the Rehabilitation Act/ADA and Title VII. The Agency assigned Case Number FS-2013-00914 to Plaintiff's complaint (the "Complaint").

7.  The Agency provided Plaintiff with a copy of its report of investigation into the Complaint on April 18, 2014.

8.  On May 10, 2014, Plaintiff timely filed a request for a hearing before the Equal Employment Opportunity Commission ("EEOC") on his Complaint.

9.  On May 15, 2015, the Agency filed a motion for summary judgment with the EEOC in Case Number 490-2014-00137X.

10.  On August 31, 2020, an EEOC Administrative Judge issued an Order granting the Agency summary judgment in EEOC Case Number 490-2014-00137X.

11.  On September 28, 2020, Plaintiff received the Job Corps' Final Agency Decision ("FAD") accepting the EEOC Administrative Judge's Order.

12. Pursuant to 29 C. F. R. §1614.407(a) and as described in the FAD, Plaintiff Kenith DeLesline has the right to pursue his Complaint in a trial *de novo* in the U.S. District Court for the District of Colorado within ninety days of receipt of the FAD.

13. Pursuant to 29 C.F.R. §1614.407(a), and as set forth above, Plaintiff has satisfied the jurisdictional prerequisites for filing this action and has exhausted his administrative remedies for each claim filed herein.

## PARTIES

14. Plaintiff Kenith DeLesline is a citizen of the United States and a resident of and domiciled in the State of Arkansas.

15. Defendant Sonny Perdue is the Secretary of the U.S. Department of Agriculture. The Department of Agriculture has continuously been an employer within the meaning of the ADA and the Rehabilitation Act.

16. The Forest Service Job Corps, a component of the USDA, operates multiple Job Corps Centers throughout the United States. At the time of the events at issue in this case, the Job Corps operated 28 such Centers.

17. The Job Corps' National Office, which directs and manages the operations of all Forest Service Job Corps Centers, is located in the State of Colorado.

## FACTUAL ALLEGATIONS

18. Plaintiff Kenith DeLesline is African American.

19. Plaintiff has medically diagnosed physical conditions that substantially limit one or more major life activities including, but not limited to, walking, thinking, breathing, performing manual tasks, caring for himself and working.

20. Plaintiff has a record of being disabled as he informed his Job Corps managers of his disabilities in 2011 and began requesting reasonable accommodations for those disabilities (including a job transfer) in January 2012.

21. The Agency knew Plaintiff had one or more disabilities because the National Office Director, together with the Executive Leadership team, considers and decides all employee requests for reasonable accommodations, transfers and reassignments.

22. The Job Corps National Office denied Mr. DeLesline's requests for reasonable accommodation and deprived him of such an accommodation between January 2012 and March 2013.

23. Mr. DeLesline filed an informal administrative EEO complaint against the Job Corps (Agency case number FS-2012-00408) alleging disability discrimination (failure to provide him with reasonable accommodations), race discrimination and retaliation in March 2012. While that complaint was pending, the Agency continued to discriminate and retaliate against him, so Plaintiff filed two additional complaints (FS-2013-00060 and FS-2013-00445).

24. The EEOC consolidated Plaintiff's three administrative complaints into one action and assigned it EEOC Case No. 490-2013-00042X.

25. In August 2014, an EEOC Administrative Judge conducted a hearing in EEOC Case No. 490-2013-00042X. At the conclusion of that case the Administrative Judge orally informed the parties that Plaintiff had prevailed on his disability discrimination (failure to accommodate) claim and that a final decision would issue after the parties briefed the matter of damages.

26. On May 7, 2015, the EEOC issued a written decision in EEOC Case No. 490-2013-00042X, finding the Job Corps liable for disability discrimination because, among other things, it failed to properly engage in the interactive process and denied Plaintiff a reasonable accommodation for his disability between January 2012 and March 2013.

27. The EEOC ordered the Job Corps to: provide Plaintiff the first reasonable accommodation he requested (reassignment and relocation to his former position at Cass Job Corps Center); take disciplinary action against the National Office managers involved in the discrimination; pay Plaintiff past pecuniary damages; restore 442 hours of leave to Plaintiff; and pay him compensatory damages, attorneys fees and costs.

28. During each year of his employment, the Job Corps has reviewed Plaintiff Kenith DeLesline's performance and determined that he successfully performed the essential functions of his position.

29. As described *supra*, ¶¶ 4-6 Plaintiff filed an informal complaint against the Job Corps in August 2013, and a formal complaint in November 2013 (FS-2013-00914, EEOC No. 490-2014-00137X) alleging the Agency continued to subject him to disability and race discrimination and retaliation.

30. Plaintiff asserted in his administrative complaint, and reasserts here, that he was subjected to continuing harassment and a hostile work environment by his supervisor Charles Root. Mr. Root (who was also an alleged discriminating official in EEOC Case No. 490-2013-00042X): repeatedly instructed Plaintiff to issue orders to subordinate employees, only to subsequently countermand those orders; excluded him from meetings with subordinate employees concerning matters for which he was responsible; ordered

him to move out of his executive office and find a new office on the other side of the center; demanded unnecessary and unduly burdensome medical information from Plaintiff; threatened to place him in AWOL (absent without leave) status and remove his supervisory authority; unilaterally decided to "accommodate" Plaintiff by issuing "no contact" orders to subordinate staff which interfered with his ability to do his job; and disclosed Plaintiff's private medical information and detailed confidential information about his discrimination complaints to a subordinate employee.

31. Plaintiff asserted in his administrative complaint, and reasserts here, that National Office managers Tina Terrell and Peggy Hendren also contributed to the ongoing harassment and hostile work environment because they failed to respond to his requests for help with and complaints about Mr. Root's discriminatory conduct, and they subjected him to disparate treatment with respect to his detail assignment as the acting Center Director at Columbia Basin Job Corps Center.

32. Plaintiff asserted in his administrative complaint, and reasserts here, that on April 12, 2013, he applied for the Center Director position at Pine Knot Job Corps Center under vacancy announcement number 13-51070003-1612-12/13G-SB. The Agency determined that Plaintiff was qualified for that position. The Agency interviewed Plaintiff for that position. The Agency did not select Plaintiff for the position. Instead, the Agency selected a Caucasian, non-disabled employee for the job. Unlike Plaintiff, the employee selected for the position had not engaged in any prior EEO activity.

33. Plaintiff asserted in his administrative complaint, and reasserts here, that on April 30, 2013, he applied for the Center Director position at Columbia Basin Job Corps

Center under vacancy announcement number 13-51070003-2987G-NR. The Agency determined that Plaintiff was qualified for that position. The Agency interviewed Plaintiff for that position. The Agency did not select Plaintiff for the position. Instead, the Agency selected a Caucasian, non-disabled employee for the job. Unlike Plaintiff, the employee selected for the position had not engaged in any prior EEO activity.

## FIRST CLAIM FOR RELIEF

(Harassment/Hostile Work Environment Based on Race and/or Disability)

34. Plaintiff incorporates paragraphs 1-33 of this Verified Complaint as if set forth fully herein.

35. Plaintiff is a member of at least two statutorily protected classes based on his race (African American) and his physical disabilities.

36. Defendant was aware of Plaintiff's race and physical disabilities.

37. Defendant subjected Plaintiff to unwelcome and offensive conduct based on his race and/or his disabilities.

38. Defendant's conduct was sufficiently severe or pervasive that it altered the terms, conditions and privileges of Plaintiff's employment and created an abusive work environment.

39. Additionally, Defendant subjected Plaintiff to different terms and conditions of employment, and failed to select him for two promotional positions, based on his race and/or disabilities.

40. As a proximate result of Defendant's discriminatory actions, Plaintiff suffered lost wages; job opportunities; privileges; benefits; tenure; and seniority. Plaintiff has also

suffered physical illness; emotional injury; damage to his reputation; pecuniary and nonpecuniary damages; and other losses and injuries.

**SECOND CLAIM FOR RELIEF**

(Disparate Treatment Based on Race and/or Disability)

41. Plaintiff incorporates paragraphs 1-40 of this Verified Complaint as if set forth fully herein.

42. On April 12, 2013, Plaintiff applied for the Center Director position at Pine Knot Job Corps Center. The Agency determined that Plaintiff was qualified for that position. The Agency interviewed Plaintiff for that position. The Agency did not select Plaintiff for the position.

43. The Agency selected someone outside Plaintiff's protected classes for the position of Center Director for the Pine Knot Job Corps Center. The Job Corps selected a Caucasian, non-disabled employee for the position.

44. April 30, 2013, Plaintiff applied for the Center Director position at Columbia Basin Job Corps Center. The Agency determined that Plaintiff was qualified for that position. The Agency interviewed Plaintiff for that position. The Agency did not select Plaintiff for the position.

45. The Agency selected someone outside Plaintiff's protected classes for the position of Center Director for the Columbia Basin Job Corps Center. The Job Corps selected a Caucasian, non-disabled employee for the position.

46. As a proximate result of Defendant's discriminatory actions, Plaintiff suffered lost wages; promotion; job opportunities; privileges; benefits; tenure; and seniority. Plaintiff has also suffered physical illness; emotional injury; damage to his reputation; pecuniary and nonpecuniary damages; and other losses and injuries.

### THIRD CLAIM FOR RELIEF

(Retaliation in Violation of Title VII, the Rehabilitation Act and the ADA)

47. Plaintiff incorporates paragraphs 1-46 of this Verified Complaint as if set forth fully herein.

48. Plaintiff engaged in Title VII, Rehabilitation Act/ADA protected activity when he sought reasonable accommodations and filed and pursued administrative EEO complaints alleging race discrimination, disability discrimination and retaliation.

49. After he engaged in statutorily protected activity, and because of such activity, the Job Corps subjected Plaintiff to the harassing conduct and disparate treatment described above.

50. Defendant's retaliatory conduct affected the terms, conditions and privileges of Plaintiff's employment and was harmful to the point that it could well discourage a reasonable worker from making or supporting a charge of discrimination.

51. As a proximate result of Defendant's retaliatory conduct, Plaintiff suffered lost wages; promotions; job opportunities; privileges; benefits; tenure; and seniority. Plaintiff has also suffered physical illness; emotional injury; damage to his reputation; pecuniary and nonpecuniary damages; and other losses and injuries.

WHEREFORE, Plaintiff Kenith DeLesline respectfully requests that this Court enter

judgment in his favor and against the Defendant, and award him all relief as allowed by law, including, but not limited to:

    a.  Retroactive appointment to the position of Job Corps Center Director, GS-13;

    b.  Back pay and all attendant benefits;

    c.  Compensatory damages including, but not limited to, those for physical and emotional injury, distress, loss of reputation and embarrassment;

    d.  Pecuniary damages for losses and expenses incurred as a result of the discriminatory and retaliatory treatment;

    e.  Restoration of all leave hours Plaintiff used due to the effects of the discriminatory and retaliatory conduct;

    f.  Pre-judgment and post-judgment interest at the highest lawful rate;

    g.  Tax enhancement;

    h.  Attorney fees and costs; and

    i.  Such other and further relief as justice allows.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE**

## VERIFICATION

I declare pursuant to 28 U.S.C. §1746, under penalty of perjury, that the foregoing factual allegations are true and correct.

Dated this 28th day of December, 2020.      *s/Kenith DeLesline*
                                                                     Kenith DeLesline

Respectfully submitted this 28th day of December, 2020.

                                                   By:    Counsel for Plaintiff Kenith DeLesline

                                                            *s/Marisa Williams*
                                                            Marisa Williams
                                                            Williams & Rhodes LLP
                                                            7887 E. Belleview Ave. #1100
                                                            Englewood, CO 80111
                                                            303-220-0303
                                                            303-840-7370 (fax)
                                                            Mlw@williamsandrhodes.com

Plaintiff's Address:    215 Fanes Creek Road
                                   Ozark, AK 72949